IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBELIA D. VILLAFLOR, et al., | No. C-09-00329 MMC (EDL) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| v. | |
| EQUIFAX INFORMATION, | |
| Defendant. | |

Plaintiffs Obelia Villaflor and Kay Brice hired FB Legal (dba Good Life Credit) to assist them in improving their credit scores. Prior to the filing of this case, FB Legal, which focuses on correcting credit reports and is assisted by its staff counsel, Friedman & Brown LLC, sent dispute letters on Plaintiffs' behalf to Defendant Equifax, asserting that Defendant placed unclear and inaccurate information in Plaintiffs' credit reports, and demanding that the inaccuracies be removed. Plaintiffs then filed this case, alleging that Defendant violated the Fair Credit Reporting Act by issuing credit reports that were inaccurate or unclear.

On April 29, 2010, Defendant served a deposition notice on FB Legal pursuant to Federal Rule of Civil Procedure 30(b)(6), along with a request for production of documents. Declaration of Seth Lehrman Ex. C. Defendant listed the following topics for the deposition and document production:

    1. Any and all correspondence between you and Equifax concerning Plaintiffs Obelia Villaflor and Kay B. Brice.
    2. Any e-mails between you and Plaintiffs Obelia Villaflor and Kay B. Brice concerning the contents of her Equifax credit report.
    3. Any applications for goods or services to be provided by you and signed by Plaintiffs Obelia Villaflor and Kay B. Brice.
    4. Any and all credit reports, accounts statements, bills, invoices, letters, account

history notes, interview sheets and/or documents concerning Plaintiffs Obelia Villaflor and Kay B. Brice and their use of your company.

Id. FB Legal produced all non-privileged documents pursuant to the subpoena, but Plaintiffs filed this Motion for Protective Order against providing testimony pursuant to Rule 30(b)(6) on the grounds that FB Legal's knowledge is irrelevant to this case, and that Defendant failed to meet its burden to warrant deposition of Plaintiffs' counsel under Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). Plaintiffs' Motion was fully briefed, and the Court held a hearing on July 13, 2010. For the reasons stated at the hearing and discussed below, Plaintiffs' Motion for Protective Order is granted.

**Discussion**

As a general rule, parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense. See Fed. R. Civ. Proc. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. See id.

Here, given the allegations in the complaint, FB Legal's knowledge has little if any relevance to the issues in this case. Plaintiffs allege that Defendant "inaccurately and erroneously reported" accounts on credit reports for both Plaintiffs. Fourth Am. Compl. ¶¶ 9-10. They allege that Defendant "continually reports inaccurate and unclear information in such a manner in credit reports. . . ." Id. at ¶ 11. The complaint alleges that Defendant "is not following reasonable procedures to assure maximum possible accuracy." Id. at ¶ 13; see also id. at ¶¶ 28, 33. Thus, the focus of Plaintiffs' lawsuit is on Defendant's conduct, not what class members or their counsel thought about the dispute letters that FB Legal sent to Defendant prior to this lawsuit, or on any conduct by FB Legal in preparation for this lawsuit. Further, an objective standard is used to assess whether a credit reporting agency has in place and followed reasonable procedures to assure that its credit reports achieve maximum possible accuracy. See, e.g., Cain v. Trans Union, LLC, 2006 WL 328409, at *3-4 (W.D. Wash. Feb. 9, 2006); Rothery v. Trans Union, LLC, 2006 WL 1720498, at *5 (D. Or. Apr. 6, 2006); Neal v. Equifax Information Servs., 2005 WL 5249668, at *4-5 (N.D. Ga. Mar 4, 2005). Any testimony from FB Legal would not likely be relevant to the reasonableness of Defendant's credit reporting procedures.

2

1    Defendant argues that it needs testimony about "these dispute letters - many of which are
2 unsigned - including, but not limited to: who wrote the dispute letters; whether the letters were
3 reviewed by an attorney before being sent to Equifax; the nature of the disputes the author intended
4 to convey to Equifax; and whether the author received responses from Equifax," as well as "what
5 services were to be performed with respect to Plaintiffs' Equifax credit files; how much Plaintiffs
6 paid for these services; and whether FB Legal performed under the agreements." Def.'s Opp. at 5.
7 However, testimony on these subjects would be only tangentially relevant to the allegations in the
8 complaint, which focus on the alleged inaccuracies in Plaintiffs' credit reports that were attributable
9 to Defendant. Further, testimony about the nature of the disputes in the letters may encompass
10 privileged information.

11    Plaintiffs state that the only purpose for which FB Legal's knowledge could be relevant
12 would be with respect to authentication of the dispute letters. However, even if FB Legal has some
13 minimally relevant knowledge regarding authentication, the burden outweighs the limited relevance,
14 particularly in light of the caution that the deposition of opposing counsel "should be employed only
15 in limited circumstances." Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).
16 Pursuant to Shelton, the circumstances in which opposing counsel may be deposed should be limited
17 to where the party seeking to take the deposition has shown that: "(1) no other means exist to obtain
18 the information than to depose opposing counsel, . . .; (2) the information sought is relevant and
19 nonprivileged; and (3) the information is crucial to the preparation of the case. Shelton, 805 F.2d at
20 1237. Although the Ninth Circuit has not formally adopted Shelton, "district courts have used it
21 when analyzing whether to permit the deposition of counsel." Fausto v. Credigy Services Corp.,
22 2008 U.S. Dist. LEXIS 105170, at *4, n.2 (N.D. Cal. Nov. 3, 2008); Lloyd Lifestyle Ltd. v. Soaring
23 Helmet Corp., 2006 U.S. Dist. LEXIS 16539, at *4 (W.D. Wash. Mar. 23, 2006).

24    Even though FB Legal is not counsel of record in this case, in practice they work closely
25 with counsel of record on the litigation and "are very frequently contributing to the strategy, legal
26 research and work product in this case." Declaration of Joel Brown at ¶ 12. Thus, there is an
27 attorney-client relationship between Plaintiffs and FB Legal that implicates most of the same
28 concerns raised in Shelton with respect to deposing opposing counsel there. Further, even if the

3

Shelton test does not apply in this case, there is an alternative totality of the circumstances test under which, before allowing deposition of opposing counsel, a court should consider:

> the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. . . .

In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003); see also Thomas v. Cate, 2010 U.S. Dist. LEXIS 40085, at *8-9 (E.D. Cal. Apr. 5, 2010).

Here, Defendant has not met its burden under either Shelton or the alternative totality of the circumstances test to show that it is entitled to depose FB Legal. As described above, the information sought through Defendant's Rule 30(b)(6) deposition is only marginally relevant at best to this case. Further, given the focus of the complaint on Defendant's conduct, there has been no showing that the information is crucial to the preparation of this case. If there is an issue as to authentication of the dispute letters, the parties shall resolve the dispute through stipulation or through requests for admission.

Accordingly, because testimony from FB Legal would not likely produce relevant information, and because Defendant has not met its burden of showing the need to depose opposing counsel, Plaintiffs' Motion for Protective Order is granted.

**IT IS SO ORDERED.**

Dated: July 21, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge