SETH LEHRMAN (CSBN 178303)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Tel  954-524-2820
Fax 954-524-2822
Email: seth@pathtojustice.com

STEVEN F. GROVER [Pro Hac Vice]
FLA. BAR NO. 131296
One E. Broward Blvd. Suite 700
Fort Lauderdale, FL 33301
Tel.: 954-356-0005
Fax: 954-356-0010
Email: lawhelp@earthlink.net

Along with other Plaintiffs' counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Obelia D. Villaflor and Kay A. Brice, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No.: 3:09-cv-00329-MMC<br><br>Judge: Hon. Maxine M. Chesney |

**DECLARATION OF SETH LEHRMAN**

I, Seth Lehrman, hereby declare as follows:

1. I am an attorney at law duly admitted to the State Bar of California and a member of the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., attorneys for Plaintiffs Obelia D. Villaflor and Kay A. Brice, individually and on behalf of all similarly situated individuals. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify to these matters. As to those matters stated herein on information and belief, I am informed and believe the same are true and upon that basis declare them to be true.

1

2. Attached are true and correct copies of the following exhibits:

**Exhibit A:** Settlement Agreement ("SA");

**Exhibit B:** Excerpt of Statement of Stuart K. Pratt, President and CEO of the CDIA before the Committee On Financial Services, House Of Representatives, June 19, 2007;

**Exhibit C:** www.equifax.com/credit-watch-gold;

**Exhibit D:** *Notice Regarding Charges For Certain Disclosures*, 72 F.R. 71912-01 (Dec. 19, 2007);

**Exhibit E:** proposed form of Class Notice; and

**Exhibit F:** Federal Trade Commission, Report to Congress Under Sections 318 and 319 of the Fair and Accurate Credit Transactions Act of 2003 (December 2004).

3. Plaintiffs in the Litigation have undertaken substantial investigation, fact-gathering, and formal discovery. The Parties served and responded to significant discovery requests, including requests for production of documents, interrogatories, and requests for admissions.

4. Throughout the Action the Parties held numerous meet and confer sessions over the parties' respective discovery requests and the scope of production of documents from parties and non-parties in response thereto.

5. As a result of Plaintiffs' discovery requests, Equifax produced thousands of pages of documents.

6. Class Counsel reviewed and analyzed all documents produced in this Action.

7. The Parties propounded substantial deposition testimony.

8. Class Counsel expended time and resources by travelling to depose four Defendant designees under Fed.R.Civ.P. 30(b)(6). In addition, Class Counsel defended the named Plaintiffs at various locations during their depositions in the Litigation.

9. In addition, Class Counsel defended the named Plaintiffs at various locations during their depositions in the Litigation.

10. The Parties also engaged in discovery motion practice, including motions for protective orders and motions to compel.

11. The parties attended two settlement conferences with Judge Etheridge (Ret.) on March 18, 2009 and July 10, 2009.

12. Despite their best efforts, settlement negotiations reached an impasse and the parties continued with the litigation.

13. Thereafter the parties attended an in-person settlement conference as well as extensive additional negotiations conducted by telephone conference call.

14. Plaintiffs had fully researched and briefed a motion for class certification and were prepared to file the motion when the settlement proposed herein was reached.

15. In addition, Class Counsel had conducted discovery on the issue of willfulness, as construed under *Safeco*, and had performed extensive research on this issue in anticipation of these issues being raised by Equifax in a class certification context and in a defense summary judgment motion.

16. Based upon further investigation, discovery, sworn testimony, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Equifax reached an agreement to settle this action (the "Litigation") pursuant to the provisions in the Settlement Agreement.

17. The Settlement Agreement was reached after considering such factors as: (1) the benefits to Plaintiffs and the Class under the terms of this Settlement Agreement; (2) the strength of Plaintiffs' case weighed against the settlement offer; (3) the attendant risks and uncertainty of litigation, especially in complex actions such as this; (4) the attendant risks and uncertainty of establishing liability and/or damages; (5) Equifax's vigorous defense of the litigation and continued denial of the claims and facts contained in the Fourth Amended Class Action Complaint; (6) the desirability of consummating this Settlement Agreement promptly, to secure important and valuable benefits for Class Members.

1  I declare under penalty of perjury that the foregoing is true and correct.

By: _____
SETH LEHRMAN

4