Seth Lehrman  CSBN 178303
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Tel. 954-524-2820
seth@pathtojustice.com

Steven F. Grover, pro hac vice
STEVEN F. GROVER, P.A.
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
Tel. 954-356-0005
lawhelp@earthlink.net

Attorneys for Plaintiffs and Proposed Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OBELIA D. VILLAFLOR and KAY B. BRICE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Case No:   3:09-CV-00329-MMC<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT; CONDITIONALLY CERTIFYING SETTLEMENT CLASS; APPROVING CLASS NOTICE; APPOINTING CLASS COUNSEL; AND SCHEDULING FINAL APPROVAL HEARING DATE AND RELATED DATES |

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement of the claims against Defendant Equifax Information Services, LLC ("Equifax").  Having reviewed the Settlement Agreement ("Settlement Agreement") entered into by the parties, Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Settlement, and having considered the arguments of counsel, the Court now hereby orders the following:

1. As provided in the proposed Settlement Agreement, a Settlement Class is conditionally certified for purposes of the Settlement only as follows:

/   /

/   /

The Settlement Class includes all people who requested a copy of their Equifax credit file from Equifax between March 3, 2006 and August 25, 2010 and whose File contained a tradeline for an account with either Ameriquest Mortgage Company or GMAC, with a status of 2, 3, 4, or 5, and an activity designator code of B or P.  Consumers who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727 are excluded from the Settlement Class.

The following persons are excluded from the Settlement Class:  (i) all persons who have already settled or otherwise compromised their claims against Equifax; (ii) all persons who Opt-Out; (iii) all persons who have pending against Equifax as of the date of the entry of the Preliminary Approval Order in any action wherein the recovery sought is encompassed by the Released Claims; and (iv) any consumer who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727.

2. The Settlement Agreement entered into between the parties on November 12, 2010 appears, upon preliminary review, to be fair, reasonable and adequate to the Class.  Accordingly, the proposed settlement is preliminarily approved, pending a final hearing as provided in paragraph 6 below.

3. The Court finds that the prerequisites to a class action under Fed.R.Civ.P. 23(a) have been satisfied for settlement purposes in that:

    a. there are a sufficient number of Class members to satisfy the numerosity requirement;

    b. the claims of the class representatives are typical of those of the other members of the class; and

    c. the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex class action litigation who have and will adequately represent the class.

4. Subject to final approval of the Settlement Agreement at the Fairness Hearing and the entry of final judgment, the Court finds that this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) for settlement purposes only because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.  If final approval of the Settlement is not granted, or if final judgment as contemplated herein is not entered, this order granting of conditional certification of the

settlement class shall be vacated and the parties shall be restored without prejudice to their respective litigation positions prior to the date of this order.

5. Pursuant to Fed.R.Civ. 23, Obelia Villaflor and Kay Brice are certified as class representatives. This Court certifies Seth Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., Steven F. Grover of Steven F. Grover, P.A., James S. Knopf of the Law Offices of James S. Knopf, and Robert Friedman and Joel Brown of Friedman and Brown, P.A. as counsel for the settlement class.

6. The Court will hold a fairness hearing ("Fairness Hearing") pursuant to Fed. R.Civ. P. 23(e) on April 29, 2011 at 9:00 a.m., in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 for the following purposes:

   a. To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

   b. To determine whether a final judgment should be entered dismissing the claims of the Class members with prejudice, as required by the Settlement Agreement;

   c. To consider the application of Plaintiffs' counsel for an award of attorneys' fees and expenses, and for incentive awards to the class representatives; and

   d. To rule upon other such matters as the Court may deem appropriate.

The Fairness Hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice

7. On or before February 10, 2011, the Class Notice, attached hereto as an exhibit, shall be sent by Equifax Information Services, LLC ("Equifax") or the Settlement Administrator via first class U.S. Mail to all Class members at their last known address as reflected in the records of Equifax. Class Notice and publicly filed settlement documents shall also be displayed on the Settlement Administrator's website to be created for this purpose at Equifax's expense.

8. The Court finds the manner and content of the individual and internet notice as set

forth in paragraph seven (7) fully satisfies the requirements of Fed.R.Civ.P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

9. The Court approves the administration of the proposed settlement in the manner set forth in the Settlement Agreement. Equifax and the Settlement Administrator shall be responsible for the administration of this settlement. The costs of printing, mailing, and publishing the Class Notice and otherwise administering the Settlement shall be paid by Equifax.

10. Counsel for Equifax shall file, no later than seven (7) days before the Fairness Hearing, a proof of mailing of the Class Notice and proof of creation of the internet website for notice purposes.

11. As provided in the Class Notice, each Class Member shall have the right to exclude himself or herself from the Settlement Class by mailing a request for exclusion to the Settlement Administrator post-marked on or before March 25, 2011.

12. Requests for exclusion must set forth the Class member's name and address. The Settlement Administrator shall prepare a list of all persons who have timely requested exclusion ("Exclusion List") and provide this list to Class Counsel and at least ten (10) days prior to the Fairness Hearing, Class Counsel shall file with the Court the Exclusion List.

13. Any Settlement Class member who has not submitted a timely written Exclusion Request and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees, must deliver written objections to Class Counsel and Equifax's Counsel, and must file all objections with the Court, no later than March 25, 2011.

14. Written objections must include: (i) the objector's name, address, and telephone number; (ii) a statement by the objector or other evidence that makes the objector a member of the Settlement Class; (iii) a statement of each objection; and (iv) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).

15. If the objection is made through an attorney, the written objection must also include the identity of Settlement Class members represented by objector's counsel.

16. Any Settlement Class member who files and serves a written objection, as described in this Section, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.  Settlement Class members, or their attorneys, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and Equifax's Counsel and have filed-marked by the Court, no later than March 25, 2011, a Notice of Intention to Appear.  The Notice of Intention to Appear must (i) state how much time the Settlement Class member or their attorney anticipates needing to present the objection, (ii) identify by name, address, telephone number, and detailed summary of testimony, all witnesses the Settlement Class member and/or their attorney intends to present testimony from, and (iii) identify all exhibits the Settlement Class member or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits.

17. Pending final determination of whether the Settlement should be approved, neither Ms. Villaflor, Ms. Brice, nor any member of the Settlement Class either directly, as a representative, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any claim against Equifax or any other of the Released Parties that has been defined as a Released Claim in the Settlement Agreement, unless such person has opted-out of this Action according to the terms of this settlement.

18. Upon the Effective Date of the Settlement, any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by the Court whether favorable or unfavorable to the Settlement Class.

19. Class Counsel's application or motion for fees, expenses and incentive awards, and all supporting papers shall be filed on or before February 10, 2011.  The motion for final approval of the settlement and all supporting papers shall be filed on or before April 15, 2011.

20. In the event that the proposed settlement reflected by the Settlement Agreement is not approved by the Court, or entry of a Settlement Order and Final Judgment as provided in the Settlement does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding.  In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement.

21. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

IT IS SO ORDERED.

DATED:  December 30, 2010

_____
HON. MAXINE M. CHESNEY
U.S. DISTRICT COURT JUDGE