IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBELIA D. VILLAFLOR, et al., | No. 09-cv-00329 MMC |
| Plaintiffs, | **ORDER DIRECTING PARTIES TO SUPPLEMENT FILINGS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT** |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

Before the Court is plaintiffs' Motion for Final Settlement Approval, filed April 15, 2011, which motion is supported by, inter alia, the Declaration of Seth M. Lehrman ("Lehrman"), plaintiffs' counsel, and the Affidavit of Tore Hodne ("Hodne"), a Senior Project Administrator employed by the Claims Administrator.[1]  Having read and considered the above-referenced filings, the Court will direct the parties to supplement the record to clarify two ambiguities therein.

First, the record includes conflicting statements as to the number of persons who have excluded themselves from the class.  In his affidavit, Hodne states that "seven

---

[1] The Hodne Affidavit was filed by defendant. Defendant, however, failed to provide the Court with a chambers copy of that filing. For future reference, defendant is reminded that, pursuant to Northern District General Order 45 and this Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically, such copy to be delivered no later than noon on the day after the document is filed electronically.

persons requested exclusion" (see Hodne Affidavit ¶ 10), none of whom are identified. By contrast, in an exhibit titled "Opt-Outs," attached to the Lehrman Declaration, nine persons are identified (see Lehrman Declaration Ex. A); with one exception, however, Lehrman does not state the basis for his statement that any such person opted out of the class.[2]

Second, Hodne states that one objection was submitted to the Claims Administrator. Because Hodne does not identify the name of the objector, however, it is unclear from the record whether the Claims Administrator received a copy of one of the two objections filed with the Clerk of the Court, specifically, the objection filed by Thelma Congdon or by Shar Ron White, or whether the Claims Administrator may have received a third objection.

Accordingly, the parties are hereby DIRECTED to supplement the record, no later than noon, April 27, 2011, by filing (1) all exclusion requests submitted to the Claims Administrator, and (2) any objection submitted to the Claims Administrator that was not filed with the Court.

**IT IS SO ORDERED.**

Dated: April 20, 2011

MAXINE M. CHESNEY
United States District Judge

---

[2]Lehrman appears to state that the two individuals who filed objections with the Clerk also opted out of the class. (See Lehrman Decl. ¶¶ 12-13.) Although one such objector, Thelma Congdon, titled her filing in part "Conditional Opt Out," the only other objector, Shar Ron White, did not include any language in her objection to indicate she had opted out of the class.

2