IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBELIA D. VILLAFLOR, et al., | No. 09-cv-00329 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL; GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARDS** |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

Before the Court is plaintiffs' Motion for Final Settlement Approval, filed April 15, 2011 ("Motion"), and plaintiffs' Application for Attorney's Fees, Expenses, and Incentive Awards, filed February 14, 2011 ("Application"). The matter came on regularly for hearing April 29, 2011. Seth M. Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.l., appeared on behalf of plaintiffs. S. Stewart Haskins, II of King & Spalding appeared on behalf of defendant Equifax Information Services, LLC ("Equifax"). Having read and considered the above-referenced filings, and having considered the arguments of counsel, the Court hereby GRANTS the Motion and the Application, as follows:

1. Notice to the Settlement Class has been provided in conformity with the Court's order of December 30, 2010. The Court finds the notice provided was the best notice practicable under the circumstances, and, further, that proper and timely notice was provided to the appropriate government officials pursuant to 28 U.S.C. § 1715(b).

2. For the reasons stated on the record at the April 29, 2011 hearing, the Court finds settlement of the above-titled action on the terms set forth in the Settlement Agreement is fundamentally fair, adequate and reasonable. Further, for the reasons stated on the record at the hearing, the sole objection, specifically, the objection filed by Shar Ron White, is overruled.[1]

3. The conditional certification of the Settlement Class is hereby confirmed. The Settlement Class is defined as all persons who requested a copy of their Equifax credit file from Equifax between March 3, 2006 and August 25, 2010 and whose file contained a tradeline for an account with either Ameriquest Mortgage Company or GMAC, with a status of 2, 3, 4, or 5, and an activity designator code of B or P. The following persons are excluded from the Settlement Class: (a) all persons who have already settled or otherwise compromised their claims against Equifax; (b) the eight persons who opted out (see Exhibit A attached hereto); (c) all persons who have pending against Equifax, as of December 30, 2010, a claim in another proceeding wherein the recovery sought is encompassed by the Released Claims;[2] and (d) any consumer who received a discharge under Chapter Seven of the Bankruptcy Code.

4. All members of the Settlement Class are bound by the terms of the Settlement Agreement. As of the Effective Date,[3] all members of the Settlement Class are barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any Released Claim.

5. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of

---

[1] To the extent the letter filed March 14, 2001 by Thelma Congdon is considered an objection, the objection is overruled for the reasons stated on the record at the hearing.

[2] The term "Released Claims" is defined in the Settlement Agreement. (See Lehrman Decl., filed November 17, 2010, Ex. A at 8:15-26.)

[3] The term "Effective Date" is defined in the Settlement Agreement. (See id. Ex. A at 6:23-24, 7:11-18.)

2

Equifax. In particular, nothing in this Order or in the Settlement Agreement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault by Equifax or its employees and agents. In addition, nothing in this Order or the Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in any other action for adversarial, rather than settlement, purposes.

6. The Court finds the requested payment of a $10,000 incentive award to each of the two named plaintiffs is fair and reasonable, and directs Equifax to pay such amounts to Class Counsel, in trust for the named plaintiffs, no later than thirty days after the Effective Date.

7. The Court finds the requested payment of $1,360,000 to Class Counsel, to cover all attorney's fees and expenses incurred and to be incurred, is fair and reasonable, and directs Equifax to pay such amount to Class Counsel no later than thirty days after the Effective Date.

8. The Clerk is directed to enter final judgment dismissing this action on the merits with prejudice and without costs or attorney's fees to any party except as provided herein. The claims dismissed thereby shall encompass all Released Claims.

9. The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order or the judgment to be entered thereon, the Court retains jurisdiction over this matter for purposes of resolving any dispute that may arise under the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: May 3, 2011

MAXINE M. CHESNEY
United States District Judge